UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MANHATTAN LEASING ENTERPRISES, LTD.,
as assignee of Elegante Leasing, Ltd.,

    Plaintiff,

v.

SHAWN NELSON, an individual,
and LOUIS MARTIN BLAZER, III,
an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MANHATTAN LEASING ENTERPRISES, LTD., (hereinafter "MANHATTAN"), as assignee of Elegante Leasing, Ltd., by and through its undersigned counsel, hereby files this Complaint against Defendants, SHAWN NELSON (hereinafter "NELSON") and LOUIS MARTIN BLAZER, III (hereinafter "BLAZER"), and as grounds thereof states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and non-statutory attorney's fees, between a citizen of the State of Florida and a citizen of a foreign state. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(2), as all payments under the subject matter lease were required to be delivered to Plaintiff's principal place of business in Broward County, Florida.

3. All conditions precedent have either been met by Plaintiff or have been waived by Defendants.

## PARTIES

4. Plaintiff, MANHATTAN, is a New York corporation, with its principal place of business in Broward County, Florida.

5. At time of the filing of this lawsuit, Defendant, NELSON, was over the age of eighteen (18), a resident of the State of Louisiana, and is subject to the jurisdiction of this Court as NELSON was obligated to make payments pursuant to the subject matter lease to Plaintiff at its principal address in Broward County, Florida.

6. At time of the filing of this lawsuit, Defendant, BLAZER, was over the age of eighteen (18), a resident of the State of Pennsylvania, and is subject to the jurisdiction of this Court as NELSON was obligated to make payments pursuant to the subject matter lease to Plaintiff at its principal address in Broward County, Florida.

## COUNT I
## BREACH OF CONTRACT - NELSON

7. Plaintiff repeats and re-alleges Paragraph 1 through 6 above as if set forth in full herein.

8. On or about April 6, 2009, Elegante Leasing, Ltd. (hereinafter "Elegante") and NELSON entered into a Motor Vehicle Lease Agreement (hereinafter the "Lease"), whereby Elegante leased to Defendant, one 2009 Mercedes Benz S-550, with a VIN of WDDNG86X69A280346 for $146,260.40, which was broken up, in material part, with the first payment in the amount of $3,658.68 and the remainder into fifty-eight monthly payments in the amount of $1,829.34. See Motor Vehicle Lease Agreement, attached hereto as Exhibit "A". In addition to which, as set forth in the Open End Purchase Option Rider (hereinafter the "Rider") at the

end of the lease term, NELSON was obligated to either purchase the Vehicle from Elegante for $22,500.00 or pay to Plaintiff the difference between the net sales price and $22,500.00 (hereinafter the "Option Price").  See Rider, attached hereto as Exhibit "B".

9. The rights under the Lease (but not the obligations) were assigned by Elegante to All Points Capital Corp., which were subsequently re-assigned to Plaintiff.  See Re-Assignment of Lease, attached hereto as Exhibit "C"

10. In the event the Lease was terminated by NELSON and/or NELSON defaulted under his payment obligations as set forth therein before the end of the scheduled lease term, NELSON was obligated to pay Elegante all payments then past due and for all future payments for the entire term of the lease, including the Option Price minus the reasonable wholesale value of the Vehicle.  See Section 2 of the Open End Purchase Option Rider.

11. On or about January 25, 2011, Elegante assigned its rights under the Lease to Plaintiff. See Assignment, attached hereto as Exhibit "D".

12. NELSON defaulted on the Lease as a result of his failure to make payments under the Lease beginning in June 1, 2011, and further defaulted on the Lease as a result of his failure to return the Vehicle to Plaintiff's possession after default despite Plaintiff's repeated demands for the return of the Vehicle.

13. As a result of NELSON's default on the Lease, pursuant to the terms of the Lease, Plaintiff has been damaged in the amount of $96,506.84, plus pre-judgment interest, which, as of the date of the filing of this lawsuit is the amount due and owing under the Lease.

14. To protect its rights, Plaintiff has retained the undersigned law firm and is obligated to pay it a reasonable fee.

15. Plaintiff is entitled to an award of its reasonable attorney's fees and costs incurred as a result of NELSON's breach of the Lease.

WHEREFORE, Plaintiff, MANHATTAN, requests that judgment be entered against Defendant, NELSON, awarding Plaintiff compensatory damages, plus pre-judgment interest and the costs and attorney's fees associated with NELSON's default of the Lease, and granting such other and further relief as this Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT - BLAZER

15. Plaintiff repeats and re-alleges Paragraph 1 through 6 above as if set forth in full herein.

16. On or about April 6, 2009, Elegante Leasing, Ltd. (hereinafter "Elegante") and NELSON entered into a Motor Vehicle Lease Agreement (hereinafter the "Lease"), whereby Elegante leased to Defendant, one 2009 Mercedes Benz S-550, with a VIN of WDDNG86X69A280346 for $146,260.40, which was broken up, in material part, with the first payment in the amount of $3,658.68 and the remainder into fifty-eight monthly payments in the amount of $1,829.34.  See Motor Vehicle Lease Agreement, attached hereto as Exhibit "A".  In addition to which, as set forth in the Open End Purchase Option Rider (hereinafter the "Rider") at the end of the lease term, NELSON was obligated to either purchase the Vehicle from Elegante for $22,500.00 or pay to Plaintiff the difference between the net sales price and $22,500.00 (hereinafter the "Option Price").  See Rider, attached hereto as Exhibit "B".

17. Contemporaneously with the Lease, Defendant, BLAZER, executed a Personal Guaranty agreeing to be personally bound by the terms and conditions of the Lease (hereinafter the "Personal Guaranty").  See Personal Guaranty, attached hereto as Exhibit "E".

18. In the event the Lease was terminated by NELSON and/or NELSON defaulted under his payment obligations as set forth therein before the end of the scheduled lease term, NELSON was obligated to pay Elegante all payments then past due and for all future payments

the entire term of the lease, including the Option Price minus the reasonable wholesale value of the Vehicle.  See Section 2 of the Open End Purchase Option Rider.

19. NELSON defaulted on the Lease as a result of his failure to make payments under the Lease beginning in June 1, 2011, and further defaulted on the Lease as a result of his failure to return the Vehicle to Plaintiff's possession after default despite Plaintiff's repeated demands for the return of the Vehicle.

20. As a result of NELSON's default on the Lease, pursuant to the terms of the Lease, Plaintiff has been damaged in the amount of $96,506.84, plus pre-judgment interest, which, as of the date of the filing of this lawsuit is the amount due and owing under the Lease.

21. BLAZER is in default of the Personal Guaranty by failing to make payment to Plaintiff under the Lease upon NELSON's default on the Lease.

22. As a result of BLAZER's default on the Personal Guaranty, Plaintiff has been damaged in the amount of $96,506.84, which, as of June 1, 2011, is the amount due and owing under the Lease.

23. To protect its rights, Plaintiff has retained the undersigned law firm and is obligated to pay it a reasonable fee.

24. Plaintiff is entitled to an award of its reasonable attorney's fees and costs incurred as a result of BLAZER's breach of the Personal Guaranty.

WHEREFORE, Plaintiff, MANHATTAN, requests that judgment be entered against Defendant, BLAZER, awarding Plaintiff compensatory damages, plus pre-judgment interest and the costs and attorney's fees associated with BLAZER's breach of the Personal Guaranty, and granting such other and further relief as this Court may deem just and proper.

Date: February 7, 2012 **GRANER & PLATZEK, P.A.**

                         By:    /s/ Steven K. Platzek
                                 Steven K. Platzek (0895741)
                                 skp@granerlaw.com
                                 720 E. Palmetto Park Road
                                 Boca Raton, FL 33432
                                 (561) 750-2445 [Office]
                                 (561) 750-2446 [Facsimile]

*Attorneys for Plaintiff, Manhattan Leasing Enterprises, Ltd.*