EXHIBIT "A"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:12-CV-60220-WPD

MANHATTAN LEASING ENTERPRISES, LTD.,
as assignee of Elegante Leasing, Ltd.,

    Plaintiff,

v.

SHAWN NELSON, an individual,
and LOUIS MARTIN BLAZER, III,
an individual,

    Defendants.
_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
TO DEFENDANT IN AID OF EXECUTION**

COMES NOW the Plaintiff, PUTNAM LEASING COMPANY I, LLC, by and through its undersigned counsel and pursuant to Rule 34 and 69 of the Federal Rules of Civil Procedure, and requests Defendant, LOUIS MARTIN BLAZER, III (hereinafter "BLAZER"), to produce for inspection and copying at the offices of Graner & Platzek, P.A., 720 East Palmetto Park Road, Boca Raton, FL 33432, the following documents described below within thirty (30) days from the service of this Request.

**DEFINITIONS AND INSTRUCTIONS
GENERAL GUIDELINES**

As used in this Request:

1. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Florida Rule of Civil Procedure 1.350 and includes, but is not limited to, correspondence and letters, reports, memoranda, messages, notes, summaries, minutes, electronic mail, computer data in any form, sound or video recordings, photographs, telephone call slips or messages, facsimile transmissions, and any writings, electronic recordings or transmissions or tangible items whatsoever, in addition to more further items listed below. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" is intended to be comprehensive and to

include, without limitation, all original writings or recordings of any nature whatsoever, copies and drafts which, by reason of notes, changes, initials, or identification marks, are not identical to the original and all non-identical original copies thereof. In all cases where original or non-original copies are not available, "document" also means identical copies of original documents and copies of non-identical copies.

The word "document" further means any kind of written, electronic, or graph matter, however provided or reproduced, of any kind or description, whether sent or received or neither, including but not limited to papers, books, book entries, telegrams, cables, telex messages, data, notations, work papers, inter-office communications, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews or of conferences, or of committed meetings, or of other meetings, affidavits, statements, opinions, studies, analyses, formulae, plans, specifications, evaluations, contracts, licenses, agreements, offers, ledgers, journals, books or records of account, summaries of accounts, bills, receipts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, desk calendars, appointment books, diaries, lists, tabulations, charts, graphs, maps, surveys, sound recordings, computer tapes, magnetic tapes, punch cards, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing, however denominated, whether currently in existence or already destroyed.

2. The terms "statement" and "communication" mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. The term "evidencing" means and includes: relating to, referring to, embodied by, connected with, commenting on, responding to, identifying, describing, concerning, analyzing, supporting, showing, proving, demonstrating, pertaining to, reflecting or constituting.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. Terms in the plural include the singular and terms in the singular include the plural.

6. If you believe that any of the following discovery requests calls for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state that part of each discovery request as to which you raise objections and set forth the basis for your claim of privilege with respect to such information as you refuse to give, including a statement identifying the nature of the information withheld; for each document as to which you claim privilege, state the date and subject matter of the document, the name(s) of the person(s) who prepared the document and the name(s) of the person(s) for whom the document was intended.

7. This Request for Production is intended to cover all documents in the possession, custody, or control of the party to whom this request is directed, specifically including, but not limited to, documents of third persons in the possession, custody and control of the party to whom this request is directed, and documents of the party to whom this request is directed in the custody and control of others.

## DOCUMENTS TO BE PRODUCED

1. For every checking, money market, and savings accounts held or owned by BLAZER, provide the monthly statements, check stubs, and canceled checks from January 1, 2010 to the present.

2. For every account maintained by BLAZER at any stock brokerage company, whether individually, jointly with another, or as trustee for another, provide all monthly statements from January 1, 2010 through the present and all Form 1099s or 1098s issued to BLAZER by each such brokerage company.

3. Copies of every stock certificate, bond, or financial security instrument issued to BLAZER that are currently owned or maintained by BLAZER.

4. Copies of every promissory note by which another person or entity is obligated to pay to BLAZER, either individually, jointly with another, or as trustee for another, any sum of money.

5. Copies of every deed or lease pursuant to which BLAZER individually, jointly with another or as trustee for another, claims an interest in real property.

6. Copies of every mortgage, security agreement, pledge agreement, promissory note, or other document that evidences an indebtedness for which BLAZER individually, jointly with another, or as trustee, is liable.

7. Copies of certificates of title and registrations for every automobile, truck, motorcycle, recreational vehicle, boat or airplane owned by BLAZER, individually, jointly with another, or as trustee for another.

8. Any and all documentation, including accountant papers, invoices, contracts, statements, purchase orders or other forms of written documentation evidencing office equipment, furniture, inventory and other assets owned by BLAZER individually, jointly with another, or as trustee for another.

9. Copies of every lease for every automobile, truck, motorcycle, recreational vehicle, boat or airplane which BLAZER leases individually, jointly with another, or as trustee for another.

10. Copies of every loan application submitted by BLAZER or on his behalf, whether individually, jointly with another, or as trustee for another, at any time from January 1, 2010 through the present.

11. Copies of federal tax returns filed by BLAZER, whether individually or jointly with another, and all schedules forming a part of such tax returns, for the years 2009, 2010, and 2011.

12. Copies of all requests for extensions of time by which to file a tax return filed by BLAZER for the years 2009 through the present.

13. Copies of all estimated tax forms filed by on behalf of BLAZER for the years 2009 through the present.

14. Copies of all 1099s issued by any person or entity for BLAZER for the years 2009 through the present.

15. Copies of every judgment entered against or in favor of BLAZER, which judgment was entered in any court of any state of the United States, or any federal court of the United States of America.

16. Copies of each and every settlement agreement entered into by BLAZER and a third party.

17. Copies of any and all accountant papers or other written documentation identifying the accounts receivable, accounts payables, assets and liabilities of BLAZER since January 1, 2009 to the present.

18. Copies of any and all policies of insurance that insure any items of personal property owned by BLAZER over the previous three years.

## CERTIFICATE OF SERIVCE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Regular and Certified U.S. Mail this 9th day of May, 2012 to: Shawn Nelson 1327 E. Tiffanie Street Gonzales, LA 70737 and Louis Martin Blazer, III, 2000 E. Carson Street, Third Floor, Pittsburgh, PA 15203.

**GRANER & PLATZEK, P.A.**

By: /s/ Steven K. Platzek
Steven K. Patzek
Florida Bar No. 0895741
720 East Palmetto Park Road
Boca Raton, FL 33432
(561) 750-2445 Telephone
(561) 750-2446 Facsimile